IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDHEALTH NURSING, LLC and DANILO MALLARI,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TRACY VESSIGAULT, DIANA MARANA, DORIS JORDAN, COLLEEN TRAYNOR, and CAL. DEP'T PUBLIC HEALTH,<br><br>　　　　Defendants.<br>_____/ | No. C 13-4038 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFF MALLARI LEAVE TO AMEND; DENYING MALLARI'S MOTION FOR LEAVE TO REPRESENT MEDHEALTH (Docket Nos. 8, 13, 15) |

Plaintiffs Danilo Mallari, proceeding pro se and purporting to represent Medhealth Nursing, LLC, brought this action under 42 U.S.C. § 1983 against Defendant California Department of Public Health (CDPH) and four of its employees, Tracy Vessigault, Diana Marana, Doris Jordan, and Colleen Traynor. Defendants move to dismiss. Mallari opposes the motion and moves for leave to amend the complaint.[1] In addition, Mallari moves for leave to represent Medhealth. After reviewing the parties' submissions, the Court grants Defendants' motion to dismiss, grants Mallari leave to amend, denies Mallari's motion for leave to amend as moot, and denies Mallari's motion for leave to represent Medhealth.

---

[1] Mallari sought to file both the opposition and the motion for leave to amend on behalf of Medhealth. However, as explained further below, federal case law and this Court's local rules preclude him from doing so. Accordingly, the Court construes the opposition and motion for leave to amend as filed solely on his own behalf.

BACKGROUND

Medhealth is a healthcare provider owned and operated by Mallari. In March 2011, it obtained a license from CDPH to operate a home healthcare agency (HHA) in Daly City, California. The license was revoked in August 2012, however, after Medhealth re-located the HHA to a facility in San Leandro, California which failed to satisfy all of the relevant statutory and regulatory requirements for operating a HHA.

In May 2013, Plaintiffs filed this lawsuit against Defendants in Alameda County Superior Court alleging that the revocation of Medhealth's license violated their civil rights under state and federal law. After their complaint was dismissed with leave to amend in July 2013, they filed a first amended complaint in which they abandoned their state law claims and asserted only one claim against Defendants under § 1983. Docket No. 1, First. Am. Compl. (1AC). Defendants removed the action to this Court in August 2013 and moved to dismiss in September 2013.

In October 2013, while Defendants' motion was pending, Mallari moved for leave to amend the complaint and sought leave to represent Medhealth in this action. The Court took these matters under submission without oral argument.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v.

2

1 Twombly, 550 U.S. 544, 555 (2007).  In considering whether the
2 complaint is sufficient to state a claim, the court will take all
3 material allegations as true and construe them in the light most
4 favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d
5 896, 898 (9th Cir. 1986).  However, this principle is inapplicable
6 to legal conclusions; "threadbare recitals of the elements of a
7 cause of action, supported by mere conclusory statements," are not
8 taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
9 (citing Twombly, 550 U.S. at 555).
10      When granting a motion to dismiss, the court is generally
11 required to grant the plaintiff leave to amend, even if no request
12 to amend the pleading was made, unless amendment would be futile.
13 Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
14 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether
15 amendment would be futile, the court examines whether the
16 complaint could be amended to cure the defect requiring dismissal
17 "without contradicting any of the allegations of [the] original
18 complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th
19 Cir. 1990).

                              DISCUSSION
I. Mallari's Motion for Leave to Represent Medhealth

     Mallari seeks leave to appear on behalf of Medhealth in this
action.  Both federal case law and the local rules, however,
forbid him from doing so because he is not an attorney.  The Ninth
Circuit has held that a "corporation may appear in federal court only
through licensed counsel."  United States v. High Country Broad. Co.,
Inc., 3 F.3d 1244, 1245 (9th Cir. 1993).  Civil Local Rule 3-9(b)
likewise provides that any "corporation, unincorporated

3

association, partnership or other such entity may appear only through a member of the bar of this Court." Although Mallari asserts that he is currently enrolled in law school and registered to take the California bar exam, he has not established that he is licensed to practice before this Court. See generally Civil L.R. 11-9 (outlining eligibility and supervision requirements for law students who seek to appear in this Court). Accordingly, his motion to appear on behalf of Medhealth must be denied. Mallari may continue to appear on his own behalf but may not represent Medhealth in this action.[2]

Plaintiffs' first amended complaint lists attorney David Washington as their counsel of record. Although Mr. Washington has not appeared in this action since it was removed to federal court, he does not appear to have withdrawn as counsel prior to removal. Accordingly, he remains counsel to Plaintiffs in this action.[3]

II. Defendants' Motion to Dismiss

Defendants contend that CDPH cannot be sued under § 1983 because it is a state agency. They also argue that Mallari lacks standing to assert any claims against Defendants based on the revocation of Medhealth's HHA license.

Mallari does not dispute that CDPH, as a state agency, cannot be sued under § 1983. See Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit

---

[2] The state court in this case previously instructed Medhealth to obtain licensed counsel.

[3] Washington is admitted to practice before this Court.

4

under that statute."). Accordingly, all claims against CDPH are dismissed with prejudice.

With respect to standing, Mallari has not alleged that he suffered any injury as a result of CDPH's decision to revoke Medhealth's HHA license. The Ninth Circuit has made clear that mere ownership of a corporation whose civil rights have been violated is not sufficient to confer standing under § 1983. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1057 (9th Cir. 2002) ("In general, shareholders lack standing to assert an individual § 1983 claim based on harm to the corporation in which they own shares."); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1318 (9th Cir. 1989) ("[I]t is not sufficient for the plaintiff to assert a personal economic injury resulting from a wrong to the corporation."). Because Mallari has not identified a specific civil rights injury to himself in his complaint or opposition, his claim must be dismissed for lack of standing.

Medhealth's claim must also be dismissed because, even though it has adequately alleged an injury-in-fact, it has not stated a claim upon which relief can be granted. To state a valid claim under § 1983, a plaintiff must allege some plausible violation of a federal right. Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)). Here, Medhealth alleges that the revocation of its HHA license violated its rights under unspecified sections of the California Constitution and title 22, section 74669 of the California Code of Regulations. 1AC ¶¶ 32-34. These state law provisions do not give rise to any federally protected rights and, thus, cannot provide a basis for Medhealth's § 1983 claim.

Although Medhealth has also alleged violations of its federal due process and equal protection rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 1AC ¶ 31, it has not plead sufficient facts to establish a violation of any of these provisions.  In particular, Medhealth has failed to identify any state action that potentially infringed its First Amendment rights of association, speech, or expression or any search or seizure that potentially infringed its Fourth Amendment rights.  It has also failed to identify any federal actors who could have plausibly violated its due process or equal protection rights under the Fifth Amendment.  Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government -- not to those of state or local governments.").  Finally, Medhealth has not adequately alleged that it was subject to any intentional discrimination nor that it owned a cognizable property interest in its HHA license under state law.  Thus, it has failed to identify any plausible violations of its equal protection or due process rights under the Fourteenth Amendment.  See Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000) ("To succeed on a § 1983 equal protection claim, the plaintiffs must prove that the defendants acted in a discriminatory manner and that the discrimination was intentional."); Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994) ("A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that

6

stem from an independent source such as state law.'" (citations omitted)).

Medhealth is granted leave to amend the complaint in order to identify a specific violation of a federally protected right. Mallari is similarly granted leave to amend to identify a specific injury on which his individual § 1983 claim is based.  Plaintiffs shall not assert any claims in the second amended complaint that they failed to raise in either of their previous complaints.  In particular, they may not raise any of the business-related tort claims to which Mallari alludes in his opposition brief, such as intentional interference with business relations, because none of these claims was previously plead.  If Plaintiffs seek to assert a claim under title 22, section 74669 of the California Code of Regulations, as they did in their original complaint, they must establish that this provision creates a private cause of action.  Otherwise, the only claim that they may assert in the second amended complaint is the § 1983 claim raised in their most recent complaint.

III. Mallari's Motion for Leave to Amend

Mallari seeks leave to amend the complaint by dismissing all claims against CDPH.  As noted above, Mallari has already been granted leave to amend and the claims against CDPH must be dismissed for the reasons set forth in Defendants' motion. Accordingly, Mallari's motion for leave to amend is denied as moot.

CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Docket No. 8) is GRANTED.  All of Plaintiffs' claims

7

against CDPH are dismissed with prejudice and all claims against the remaining Defendants are dismissed without prejudice. As outlined above, Mallari's claim is dismissed for failing to identify a specific civil rights injury and Medhealth's claim is dismissed for failing to identify any violation of its federal rights.

Plaintiffs are granted leave to file a second amended complaint within fourteen days of this order. In the second amended complaint, Mallari must identify a specific injury that he suffered as an individual -- and not merely as the owner or administrator of Medhealth -- in order to establish standing. Likewise, Medhealth must identify a violation of a federally protected right to support its § 1983 claim. As explained above, Plaintiffs may not assert any claims in the second amended complaint that they did not assert in either of the previous complaints in this action. If Plaintiffs seek to assert a claim under title 22, section 74669 of the California Code of Regulations, as they did in their original complaint, they must establish that this provision creates a private cause of action.

As previously noted, Medhealth may only file a second amended complaint, or join in filing one, through licensed counsel. If Medhealth's current counsel does not intend to represent Medhealth in filing a second amended complaint, he must move for leave to withdraw as counsel.

//
//
//
//

Mallari's motion for leave to amend (Docket No. 13) is DENIED as moot and his motion for leave to appear on behalf of Medhealth (Docket No. 15) is DENIED.

IT IS SO ORDERED.

Dated: 2/26/2014

CLAUDIA WILKEN
United States District Judge