IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDHEALTH NURSING, LLC and DANILO MALLARI,<br><br>    Plaintiffs,<br><br>  v.<br><br>TRACY VESSIGAULT, DIANA MARANA, DORIS JORDAN, and COLLEEN TRAYNOR,<br><br>    Defendants.<br>_____/ | No. C 13-4038 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL (Docket Nos. 34, 37) |

Plaintiff Danilo Mallari, proceeding pro se, brought this action under 42 U.S.C. § 1983 against four employees of the California Department of Public Health (CDPH): Tracy Vessigault, Diana Marana, Doris Jordan, and Colleen Traynor. Defendants move to dismiss. Plaintiff opposes the motion and moves to disqualify attorney Craig Modlin as Defendants' counsel. Defendants oppose Plaintiff's motion. After reviewing the parties' submissions, the Court grants Defendants' motion to dismiss without leave to amend and denies Plaintiff's motion to disqualify Modlin as Defendants' counsel.

BACKGROUND

Mallari owned and operated a home health care agency (HHA) called Medhealth Nursing, LLC from 2011 until 2012. In March 2012, however, CDPH revoked Medhealth's license to operate as a HHA. In August 2012, Mallari sought reconsideration of CDPH's revocation of the license.

In May 2013, while his request for reconsideration was still pending, Mallari and Medhealth filed the instant action in Alameda County Superior Court. They alleged that CDPH had violated their civil rights under state and federal law by revoking Medhealth's HHA license. The court dismissed their complaint in July 2013 but granted them leave to amend. In August 2013, Mallari and Medhealth filed a first amended complaint in which they abandoned all of their claims under state law and asserted only one claim against Defendants under 42 U.S.C. § 1983. Defendants removed the action to this Court two weeks later.

In September 2013, Defendants moved to dismiss the first amended complaint. Mallari, whose counsel never entered an appearance in this action after it was removed, opposed the motion to dismiss and moved for leave to represent Medhealth. The Court denied Mallari's motion in February 2014, finding that Ninth Circuit case law and Civil Local Rule 3-9(b) precluded him from representing Medhealth because he is not a licensed attorney. The Court also granted Defendants' motion to dismiss because the complaint failed to allege sufficient facts to support a § 1983 claim or show that Mallari had standing to bring a § 1983 claim based on the revocation of Medhealth's license. The Court granted Mallari leave to plead additional facts to establish standing and granted him and Medhealth leave to amend their § 1983 claim. The Court noted, however, that Medhealth would not be permitted to proceed unless it was represented licensed counsel.

In March 2014, Mallari filed a second amended complaint re-asserting his § 1983 claim and asserting various new claims under state law. In the complaint, he seeks roughly $800,000 in

2

compensatory and punitive damages. Medhealth did not join in the filing of the complaint and does not appear to have retained licensed counsel.

In April 2014, Defendants moved to dismiss the second amended complaint. Mallari opposed the motion and cross-moved to disqualify Defendants' counsel.

## DISCUSSION

I.  Plaintiff's Motion to Disqualify Counsel

   A.  Legal Standard

Civil Local Rule 11-4 provides, "Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must . . . [b]e familiar with and comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 11-4(a)(1). The California Standards of Professional Conduct include the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and decisions of any court applicable thereto. See Civ. L.R. 11-4 Commentary.

Although violations of the standards of professional conduct may serve as a basis for disqualification under certain circumstances, see United States v. Wunsch, 84 F.3d 1110, 1114 (9th Cir. 1996), "[m]otions to disqualify counsel are strongly disfavored," Visa U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d 1100, 1103 (N.D. Cal. 2003). "Because of th[e] potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny," Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotation marks omitted), and should be granted only

3

"when necessary for the furtherance of justice," <u>William H. Raley Co. v. Superior Court</u>, 149 Cal. App. 3d 1042, 1048 (1983).

B.  Analysis

Plaintiff moves to disqualify Modlin as counsel for two reasons.  First, he argues that Modlin, who serves as a deputy attorney general for the State of California, cannot represent Defendants in this action because they have been sued "in their private and personal capacities," rather than in their official capacities as CDPH employees.  Docket No. 37, Mot. Disqualify 2.  Second, Plaintiff asserts that Modlin violated several rules of professional conduct in communicating with him about this case even though Modlin knew that he was not represented by counsel.  Neither of these arguments justifies disqualification here.

Even assuming he has standing to make such a claim, Plaintiff's first argument fails because his complaint makes clear that he has sued Defendants for conduct within the scope of their employment.  As noted above, all of his claims arise from Defendants' revocation of Medhealth's HHA license.  This conduct falls squarely within the course of their employment as CDPH employees; in fact, Plaintiff's § 1983 claim rests on the allegation that Defendants were acting under color of state law when they revoked Medhealth's license.  Under California law, the State is permitted to defend any of its employees who have been sued for acts within the scope of their employment and request legal representation.  Cal. Gov't Code § 995 (providing that "upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him . . . on account of an act or omission in the scope of

4

his employment as an employee of the public entity"). Modlin is therefore permitted to represent Defendants in this action.

Plaintiff's second argument fails because Modlin's communications with him did not violate any Rules of Professional Conduct. While Rule 2-100 of the California Rules of Professional Conduct prohibits an attorney from communicating directly with a party whom the attorney knows to be represented by counsel, the rule does not preclude the attorney from communicating with an unrepresented or pro se litigant. As the California Court of Appeal has explained, a pro se litigant may not use his or her unrepresented status to "insulate [him or] herself from contact by the court or adversary counsel." McMillan v. Shadow Ridge, 165 Cal. App. 4th 960, 967 (2008). Thus, because Plaintiff has elected to proceed pro se here and has not identified any counsel in his second amended complaint or any of his filings in this Court, Modlin is permitted to communicate with him directly.

II. Defendants' Motion to Dismiss

    A.   Section 1983 Claim

        1.   Legal Standard

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

5

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

2. Analysis

Defendants contend that the Court lacks subject matter jurisdiction over Mallari's § 1983 claim because Mallari lacks standing to bring such a claim.

To establish standing, a plaintiff must allege sufficient facts to show that "he or she suffered an injury in fact that is concrete and particularized, and actual or imminent." Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008). As explained in the Court's prior order, a § 1983 plaintiff may not satisfy this requirement merely by alleging harm to a corporation in which he or she is shareholder. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1057 (9th Cir. 2002) ("In general, shareholders lack standing to assert an individual § 1983 claim based on harm to the corporation in which they own shares."); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1318 (9th Cir. 1989) ("[I]t is not sufficient for the plaintiff to assert a personal economic injury resulting from a wrong to the corporation."). Rather, to establish the requisite injury-in-fact, "a shareholder must be injured directly and

6

1  independently of the corporation." Shell Petroleum, N.V. v.
2  Graves, 709 F.2d 593, 595 (9th Cir. 1983).
3       Here, Mallari has not been injured directly and independently
4  of Medhealth.  The license that CDPH revoked was issued to
5  Medhealth -- not Mallari -- and, as such, cannot serve as a basis
6  for his § 1983 claim.  Although Mallari asserts that he should be
7  permitted to bring this action because he was an agent of
8  Medhealth, an "agent of a principal does not have standing to
9  assert a claim pursuant to Section 1983 on behalf of the
10 principal."  Kshel Realty Corp. v. City of New York, 2003 WL
11 21146650, at *8 (S.D.N.Y.); see also Warth v. Seldin, 422 U.S.
12 490, 499 (1975) ("[T]he plaintiff generally must assert his own
13 legal rights and interests, and cannot rest his claim to relief on
14 the legal rights or interests of third parties.").
15      The cases that Mallari cites for support are inapposite
16 because they deal with the doctrine of associational standing --
17 that is, the ability of an organization to assert claims on behalf
18 of its members.  The cases Mallari cites simply provide that an
19 organization may sometimes bring claims on behalf of its members,
20 provided that its members have also suffered some distinct and
21 palpable injury.  See, e.g., Neighborhood Dev. Corp. v. Advisory
22 Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980)
23 (holding that "five incorporated neighborhood organizations" had
24 standing to challenge a government agency's decision to demolish
25 three local buildings).  The converse is not true.  Nothing in
26 these cases suggests that an agent or shareholder of a corporation
27 has standing to bring a § 1983 claim simply because the
28 corporation itself has suffered some cognizable injury.

7

Accordingly, because Mallari has failed to identify an injury that he suffered independent of the injury to Medhealth, he lacks standing to bring a § 1983 claim against Defendants here.

B.   State Law Claims

1.   Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

2.   Analysis

Mallari appears to assert claims for negligence and intentional infliction of emotional distress (IIED) in his second amended complaint. His complaint, however, does not allege sufficient facts to state a claim for negligence or IIED. What's more, he is precluded from raising these claims at this stage in the proceedings because he failed to do so in any of his earlier pleadings. The Court's prior order specifically stated,

8

"Plaintiffs shall not assert any claims in the second amended complaint that they failed to raise in either of their previous complaints."  Docket No. 28, Feb. 26, 2014 Order, at 7.  Mallari's negligence and IIED claims must therefore be dismissed.

Mallari also appears to assert a claim under title 22, section 74669 of the California Code of Regulations.  That regulation provides that, when an application for an HHA license "is withdrawn or denied, the amount of the fee specified in Section 1729 of the Health and Safety Code shall be returned."  Cal. Code Regs. tit. 22, § 74669(d).  Although Mallari did not assert any claims under this provision in his prior complaints, the Court granted him leave to plead such a claim in his second amended complaint, provided that he could show that the provision gives rise to a private cause of action.  Mallari asserts in his complaint that section 74669(d) gives rise to a private cause of action under the "stripping doctrine" of Ex Parte Young, 209 U.S. 123 (1908).  That doctrine provides that the Eleventh Amendment does not preclude a federal court from granting prospective injunctive relief against a state officer who acts outside the bounds of his or her authority.  Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 973 (9th Cir. 1994).  The doctrine only applies in suits for injunctive relief brought to remedy violations of federal law.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).

The stripping doctrine does not support Mallari's claim that a plaintiff can assert claims under section 74669(d).  As noted above, the stripping doctrine governs the scope of Eleventh Amendment immunity; it does not create any private rights of

9

action. Moreover, even if it did create such rights, the doctrine would be inapplicable here because Mallari is seeking monetary relief based on an alleged violation of state law -- not federal law. Mallari has not identified any cases in which a state or federal court has recognized that a plaintiff may bring a claim against CDPH employees for violating section 74669(d). He also acknowledges that he has yet to exhaust fully his administrative remedies under state law. See Docket No. 38, Pl.'s Opp. Mot. Dismiss 3 (noting that his request for reconsideration remains pending before CDPH). For all of these reasons, his section 74669(d) claim must be dismissed.

CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Docket No. 34) is GRANTED and Plaintiff's motion to disqualify Defendants' counsel (Docket No. 37) is DENIED. Because Plaintiff has failed to cure the deficiencies in his prior pleadings after being granted leave to amend, his complaint is now dismissed with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: 7/21/2014

CLAUDIA WILKEN
United States District Judge

10