IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDHEALTH NURSING, LLC and DANILO MALLARI,

    Plaintiffs,

  v.

TRACY VESSIGAULT, DIANA MARANA, DORIS JORDAN, and COLLEEN TRAYNOR,

    Defendants.

                            /

No. 13-cv-04038 CW

ORDER DENYING MOTION TO AMEND SCHEDULING ORDER AND REJOIN MEDHEALTH NURSING; PROVIDING FINAL OPPORTUNITY TO RESPOND TO DEFENDANTS' SUMMARY JUDGMENT MOTION; CONTINUING HEARING; AND REQUIRING ATTORNEY DAVID WASHINGTON TO WITHDRAW OR COMPLY WITH RULES

(Docket Nos. 71, 73)

Now pending are two motions. First, Plaintiff Danilo Mallari filed a motion to amend the April 7, 2017 deadline to add additional parties or claims and to re-join former Plaintiff Medhealth Nursing, LLC. Defendants Tracy Vessigault, Diana Marana, Doris Jordan and Colleen Traynor oppose this motion and Mallari has not filed a reply. Second, on December 4, 2017, Defendants filed a motion for summary judgment, which is noticed for January 9, 2018, pursuant to the Court's March 7, 2017 Minute Order and Case Management Order. The motion was served on David Walter Washington, Esq., counsel for Mallari, via the Court's electronic case filing system. See Civil L.R. 5-1(h)(1). The opposition to the summary judgment motion was due on December 18, 2017, see Civil L.R. 7-3(a), but Mallari filed neither an opposition nor a statement of non-opposition, see Civil L.R. 7-3(b).

For the following reasons, the Court denies Mallari's motion to amend the scheduling order and re-join Medhealth as a party, provides Mallari with one final opportunity to respond to Defendants' summary judgment motion and continues the case management conference and hearing on the summary judgment motion.

BACKGROUND

Mallari owned and operated a home health care agency (HHA) called Medhealth Nursing, LLC from 2011 until 2012. In March 2012, however, the California Department of Public Health (CDPH) revoked Medhealth's license to operate as a HHA. In August 2012, Mallari sought reconsideration of CDPH's revocation of the license.

In May 2013, while his request for reconsideration was still pending, Mallari and Medhealth filed the instant action in Alameda County Superior Court against Defendants, employees of CDPH. Plaintiffs alleged that CDPH had violated their civil rights under state and federal law by revoking Medhealth's HHA license. The Superior Court sustained Defendants' demurrer to the complaint in July 2013 but granted Plaintiffs leave to amend. In August 2013, Mallari and Medhealth filed a first amended complaint in which they abandoned all of their claims under state law and asserted only one claim against Defendants under 42 U.S.C. § 1983. Defendants removed the action to this Court two weeks later.

In September 2013, Defendants moved to dismiss the first amended complaint. Mallari opposed the motion to dismiss and moved for leave to represent Medhealth. Plaintiffs had been represented in state court by attorney David W. Washington, Esq., but Washington never filed a notice of appearance in this Court

2

following removal. Mallari, not Washington, signs papers in this Court. The Court denied Mallari's motion for leave to represent Medhealth in February 2014, finding that Ninth Circuit case law and Civil Local Rule 3-9(b) precluded him from representing Medhealth because he is not a licensed attorney. The Court also granted Defendants' motion to dismiss because the complaint failed to allege sufficient facts to support a § 1983 claim or show that Mallari had standing to bring a § 1983 claim based on the revocation of Medhealth's license. The Court granted Mallari leave to plead additional facts to establish standing and granted him and Medhealth leave to amend their § 1983 claim. The Court warned him, however, that Medhealth would not be permitted to proceed unless it was represented licensed counsel.

In March 2014, Mallari filed a second amended complaint re-asserting his § 1983 claim and asserting various new claims under state law. Medhealth did not join in the filing of the complaint and the Court noted that it had not retained licensed counsel. On July 21, 2014, the Court granted Defendants' motion to dismiss the second amended complaint, denied further leave to amend and denied Mallari's cross-motion to disqualify Defendants' counsel.

Mallari appealed, without the assistance of counsel. Medhealth did not appeal. The Ninth Circuit reversed this Court's dismissal of Mallari's individual 42 U.S.C. § 1983 claim for lack of standing and remanded "for further proceedings as to that claim only." Mallari v. Vessigault, Ninth Cir. No. 14-16613, at *3 (9th Cir. Nov. 21, 2016). The Ninth Circuit affirmed in all other respects.

On March 7, 2017, following issuance of the mandate, this Court held a case management conference. Both Mallari and attorney Washington were present, as was counsel for Defendants. The Court noted that it was unlikely that amendment was appropriate at this procedural stage of the litigation, but set a deadline of April 7, 2017 to add additional parties or claims. The Court also set the schedule for the remainder of the case, including a further case management conference and deadline to hear case-dispositive motions on January 9, 2018, a pretrial conference on May 8, 2018, and a jury trial on May 21, 2018. The Court provided the parties with these deadlines at the case management conference and issued a written minute order and case management order after the conference. Additionally, the Court noted that although Mallari had been proceeding without counsel, Washington remained counsel of record on the docket. The Court ordered Washington that if he no longer wished to represent Mallari, he must move to withdraw as counsel. Washington did not move to withdraw, and remains Mallari's counsel of record.

Six months after the case management conference, on September 7, 2017, Mallari filed his motion to amend the scheduling order and permit him to re-join Medhealth as a party. Mallari signed the motion himself but wrote that it was filed "with the assistance of his counsel, Attorney David Washington." Mot. at 1. On December 4, 2017, Defendants filed their motion for summary judgment.

4

DISCUSSION

I. Motion to Join Medhealth

In his motion to amend the scheduling order and permit him to re-join Medhealth as a party, Mallari argues that Medhealth is an indispensable party "because its HHA license was the one invalidly revoked by the defendants which led to its cessation of operation and closure. It is the party who suffered most of the injuries and bear [sic] the brunt of the defendants' ire against plaintiff Mallari." Id. at 2.

The Court finds that Mallari has not shown good cause to amend the Court's Minute Order and Case Management Order. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (holding that good cause to modify scheduling order may be found upon a showing that "scheduling deadlines cannot be met despite party's diligence"). Mallari asserts that he only learned of the April 7, 2017 deadline to add additional parties or claims "when he consulted the Legal Help Center of the Court and got a copy of the notice." Mot at 2. But Mallari was present at the case management conference when the April 7, 2017 deadline was set. He has not demonstrated either why the notice given to him and his attorney at the case management conference and, again, in the minute order and case management order was insufficient to notify him of the deadline to seek to add parties. Additionally, he filed his motion six months after the case management conference, five months after the deadline and shortly before the September 22, 2017 cut-off for the completion of fact discovery. Most important, neither Mallari nor Medhealth appealed the Court's previous dismissal of Medhealth's claims when the Court entered

5

judgment, and the Ninth Circuit affirmed the dismissal of those claims. The Court finds that Mallari was not diligent in seeking to add Medhealth as a party following the Ninth Circuit appeal, following the deadline to amend or add additional parties and close to the close of fact discovery. See Johnson, 975 F.2d at 609 (if the party seeking leave "was not diligent, the inquiry should end").

Although Mallari's lack of diligence, alone, supports denial of the motion, the Court also finds that it would be futile to grant the motion, and only cause further delay. Mallari has not shown good cause for the Court to reconsider its orders dismissing Medhealth. The Ninth Circuit found that Mallari had standing to assert his individual claims although Medhealth was no longer a party to this action. Mallari signed his motion himself and Medhealth still appears to be unrepresented by counsel. For the reasons explained in the Court's prior orders, Mallari may not represent it.

The Court therefore denies Mallari's untimely motion to amend the April 7, 2017 deadline and re-join Medhealth as a party.

II. Motion for Summary Judgment

Plaintiff has filed neither an opposition to Defendants' motion for summary judgment nor a statement of non-opposition. See N.D. Cal. Civil L.R. 7-3(a), (b).

The Court sua sponte grants Plaintiff an extension of two additional weeks to respond to the motion for summary judgment. If Plaintiff fails to oppose the motion for summary judgment within two weeks after the date of this order, the Court shall construe the failure to oppose as non-opposition to the motion,

6

and proceed to rule on the motion.

Although Mallari is presently represented by counsel, the Court provides the following warning to Mallari:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Mallari also must comply with the Civil Local Rules of this Court. In particular, Civil Local Rule 7-3(a) requires that any evidentiary and procedural objections to Defendants' motion be asserted in an opposition brief or memorandum that may not exceed twenty-five pages. When opposing summary judgment, Civil Local Rule 7-5(a) requires that factual contentions be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration. An

7

affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Federal Rule of Civil Procedure 56 and must avoid conclusions and argument. Civil L.R. 7-5(b). Any statement made upon information or belief must specify the basis for that information or belief. Id. Civil Local Rule 7-5(b) warns that an affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

The Court continues the hearing on the summary judgment motion and the further case management conference to February 20, 2018 at 2:30 p.m.

III. Role of Attorney Washington

As discussed above, attorney David Washington remains counsel of record for Mallari. Despite the Court's instructions at the case management conference, he has not withdrawn as counsel. Yet, Mallari's written filings in this Court have been signed by Mallari, not by Washington. See Fed. R. Civ. P. 11 (requiring that attorney of record must sign every paper filed). If Washington continues to represent Mallari, he must, in future, sign all court filings and rigorously comply with the rules and orders of this Court, or face sanctions. See, e.g., Civil L.R. 11-4 (standards of professional conduct); 11-6 (discipline). If Washington no longer represents Mallari, he must, within seven court days after the date of this order, file a motion to withdraw that complies with Civil Local Rule 11-5, and provide a new address of record for Mallari.

CONCLUSION

For the reasons set forth above, the Court DENIES Mallari's motion to amend the scheduling order and re-join Medhealth as a

8

party (Docket No. 71).

If attorney David Washington no longer represents Mallari, he must, within seven court days after the date of this order, file a motion to withdraw that complies with Civil Local Rule 11-5, and provide a new address of record for Mallari. If Washington still represents Mallari, he must sign all court filings and rigorously comply with the rules and orders of this Court, or face sanctions.

The Court provides Mallari with one final opportunity to respond to Defendants' summary judgment motion (Docket No. 73). Mallari must respond to the motion for summary judgment within two weeks after the date of this order, or the Court will construe his failure to oppose as non-opposition to the motion.

The Court CONTINUES the hearing on the summary judgment motion and the further case management conference to February 20, 2018 at 2:30 p.m.

All other deadlines previously set remain in effect, including the May 8, 2018 final pretrial conference and the jury trial beginning on May 21, 2018.

The Clerk shall serve a copy of this order directly on Plaintiff at the return address on the envelope containing his motion: Danilo Mallari, 1861 Camino Real Way, Roseville, CA 95747.

IT IS SO ORDERED.

Dated: January 3, 2018

CLAUDIA WILKEN
United States District Judge