IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILO MALLARI,<br><br>      Plaintiff,<br><br>  v.<br><br>TRACY VESSIGAULT, et al.,<br><br>      Defendants. | Case No. 13-cv-04038-CW<br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION TO REJOIN MEDHEALTH NURSING AS PARTY PLAINTIFF<br><br>(Dkt. No. 75) |

Plaintiff Danilo Mallari moves for leave to file a motion for reconsideration of the Court's January 3, 2018 order denying Mallari's motion to amend the scheduling order and rejoin Medhealth Nursing. See Docket No. 74. Having considered the papers and the record, the Court hereby DENIES Mallari's motion.

Civil Local Rule 7-9 governs motions for leave to file a motion for reconsideration. It provides that the "moving party must specifically show reasonable diligence in bringing the motion," as well as one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Mallari asserts that he did not hear the deadline for adding additional parties or claims at the case management conference because he was sitting in the gallery and that counsel did not provide him with a copy of the minute order and case management order. He further asserts that he only became aware of the scheduling deadlines in August 2017 when he consulted with the Legal Help Center and obtained a copy of the minute order and case management order, and that he moved shortly thereafter to rejoin Medhealth as a party plaintiff. Mallari also alleges that "facts emerged that he has been misrepresented by counsel that caused the dismissal of other meritorious issues of the case as noted [in the Court's January 3, 2018 order]."

With the exception of Mallari's last argument, all of his arguments are not new and have already been addressed by the January 3, 2018 order. Mallari's last argument, that he recently discovered that he was misrepresented by counsel, is construed as an argument that new material facts have emerged since the issuance of the January 3, 2018 order that require reconsideration. See Civil Local Rule 7-9(2). Mallari does not explain, however, the nature of counsel's alleged misrepresentation, when he found out about the alleged misrepresentation, and why the alleged misrepresentation is material to the January 3, 2018 order. Moreover, Mallari indicates that he still has not retained a lawyer to represent Medhealth. As the Court advised him in its February 26, 2014 order, Medhealth cannot be a party to this case without a lawyer. Docket No. 28 at 3-4, 8. Mallari's failure to retain a lawyer to represent Medhealth since he moved to rejoin Medhealth in

September 2017 demonstrates a lack of reasonable diligence. Accordingly, Mallari has not met his burden of showing that reconsideration of the January 3, 2018 order is warranted and his motion must be denied.

IT IS SO ORDERED.

Dated: March 6, 2018

CLAUDIA WILKEN
United States District Judge